UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**GERARDO JUAREZ,** an individual,  
      Plaintiff,

v.

**DPC MICHIGAN, LLC d/b/a DISCOUNT PALLET,**  
a limited liability company, and **ALFONSO ALONSO**,  
and individual  
      Defendant.

Case No.

HON.

---

**AVANTI LAW GROUP, PLLC**  
Robert Anthony Alvarez (P66954)  
Agustin Henriquez (P79589)  
Attorneys for Plaintiff  
600 28th St. SW  
Wyoming, MI 49509  
(616) 257-6807  
ralvarez@avantilaw.com

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COME the Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in their Complaint state as follows:

1. This is a civil action brought by Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. as well as the minimum wage to which Plaintiff was entitled to receive for all hours worked under the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §408.411 et seq.

2. During the period of the parties' employment relationship, Defendants misclassified Plaintiff as an independent contractor and failed to pay overtime at a rate of one and

one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiff the required minimum wage for hours worked.

4. Defendants violated the FLSA by failing to pay Plaintiff time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate.

5. Defendants violated the FLSA by failing to pay Plaintiff minimum wage for all hours worked. The FLSA requires employees to be compensated on a mandated minimum wage rate.

6. Defendants violated the MWOWA by failing to pay Plaintiff, the state mandated minimum wage for all hours worked. The MWOWA requires employees to be compensated on a mandated minimum wage rate.

7. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make him whole for damages suffered.

**JURISDICTION & VENUE**

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. Defendant corporation's employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

10. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

12. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grandville, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

14. Plaintiff Gerardo Juarez ("Juarez") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

15. Plaintiff Juarez worked for Defendants as an hourly employee from around November 2017 to August 2, 2018.

16. Plaintiff Juarez executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant DPC Michigan, LLC d/b/a Discount Pallet Company ("Discount Pallet"), is a limited liability company located at 4580 Airwest Drive SE, Grand Rapids, MI 49512. *Exhibit B*.

18. Defendant Discount Pallet is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

19. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

20. In November 2017, Plaintiff was hired by Defendants.

21. Plaintiff worked as a general laborer for Defendants.

22. Plaintiff was paid on a weekly basis via payroll check.

23. Plaintiff was compensated at a rate of $13.50 per hour.

24. Plaintiff was compensated at a rate of $20.25 per hour for every hour worked in excess of forty (40) per work week.

25. Plaintiff worked on average fifty (50) hours per week.

26. Defendant Alonso was Plaintiff's direct supervisor for the entire duration of his employment.

27. Defendant Alonso directed Plaintiff's employment by assigning Plaintiff job assignments and directing his work.

28. During his employment, Plaintiff worked for all Defendants.

29. Defendants failed to compensate Plaintiff for his last two (2) weeks of employment.

30. Plaintiff worked fifty (50) hours the week of July 23, 2018 and was not compensated.

31. Plaintiff worked thirty (35) hours the week of July 30, 2018 and was not compensated.

32. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular hourly rate for hours worked over forty (40) per work week as required by the FLSA.

33. Defendants did not compensate Plaintiff for all hours worked.

34. Plaintiff contacted Defendants on several occasions in an attempt to receive his payroll checks.

35. Defendants did not compensate Plaintiff after his efforts in trying to collect his checks owed.

### **WILLFUL VIOLATION OF FLSA**

36. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

37. Defendants utilized their business to subvert their obligations under state and federal law.

38. Defendants knew or should have known that Plaintiff was entitled to be compensated at the appropriate rate, for all hours worked.

39. Defendants to this day have outstanding compensation owing to Plaintiff which was never paid.

40. Defendants did not display notice, as required by the Department of Labor, addressing Plaintiff' wage and hour right.

41. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### **ATTEMPTS AT RESOLUTION WITHOUT LITIGATION**

42. Plaintiff contacted Defendants on several occasions in an attempt to receive his payroll checks.

43. Plaintiff, one (1) week after his last day of employment, went to Defendant DPC's location to pick up his check.

44. Plaintiff's payroll checks were not at the location that he usually picked up his check from.

45. Plaintiff questioned Defendant Alonso regarding his outstanding checks.

46. Defendant Alonso advised Plaintiff that he would check with the office regarding his outstanding checks.

47. Plaintiff called the office twice after conversing with Defendant Alonso to question about his payroll checks, both times Plaintiff was not given an answer.

48. Plaintiff once again visited Defendant DPC's location and was able to speak to Logan, the owner's son.

49. Logan advised Plaintiff to return the next day.

50. Plaintiff returned to Defendant DPS's office, once again, but was ignored and was not seen.

51. Plaintiff attempted to communicate with Defendant Alonso, but was unsuccessful as Defendant Alonso did not answer his calls.

52. Plaintiff's counsel sent a demand letter to Defendants requesting Plaintiff's outstanding payroll checks, but no response was received.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

53. Plaintiff hereby incorporates and realleges all the paragraphs above.

54. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

55. Plaintiff was an "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

56. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

57. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

59. Defendants violated the FLSA by failing to pay the Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours per workweek.

60. Defendants' violations of the FLSA were knowing and willful.

61. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

62. Plaintiff hereby incorporates and realleges all the paragraphs above.

63. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

64. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

65. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

66. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

67. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

68. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum wage for all hours worked.

69. Defendants' violations of the FLSA were knowing and willful.

70. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

71. Plaintiff was not compensated for all hours worked the last two (2) work weeks at Discount Pallet Company.

## COUNT III
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

72. Plaintiff hereby incorporates and realleges all the paragraphs above.

73. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

74. Defendants were an "employer" as defined under the WOWA at all relevant times.

75. Plaintiff were "employee[s]" as defined under the WOWA at all relevant times.

76. Defendants regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

77. Defendants did not pay Plaintiff the minimum wage for all hours worked by Plaintiff as mandated by WOWA.

78. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

79. Plaintiff is therefore entitled to his unpaid overtime wages as well as an equal amount as liquidated damages.

80. Plaintiff is also entitled to costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants violated the WOWA;

C. An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to them under the FLSA and MWOWA;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the

      FLSA as provided by statute;

E.      An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

F.      An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

G.      An Order awarding such other and further relief as this Court deems appropriate.

September 10, 2019                                              Respectfully Submitted,

                                                                  */s/   Robert Anthony Alvarez           .*
                                                                  Robert Anthony Alvarez (P66954)
                                                                  Attorney for Plaintiff
                                                                  600 28th Street SW
                                                                  Wyoming, MI 49509
                                                                  ralvarez@avantilaw.com

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff Gerardo Juarez, by and through his attorneys, and hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

September 10, 2019                                              Respectfully Submitted,

                                                                  */s/   Robert Anthony Alvarez           .*
                                                                  Robert Anthony Alvarez (P66954)
                                                                   Attorney for Plaintiff
                                                                  600 28th Street SW
                                                                   Wyoming, MI 49509
                                                                   ralvarez@avantilaw.com